

# NUMBER 13-12-00390-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE A. GARCIA, **Appellant,**

**v.**

CARLOS ABREGO, **Appellee.**

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam

The appellant's brief in the above cause was due on October 14, 2012.   On October 12, 2012, appellant filed a brief that was not in compliance with the Texas Rules of Appellate Procedure.   The brief failed generally to comply with the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 38.1.

On October 12, 2012, the Clerk of the Court notified appellant that the brief failed to comply with 38.1 (a), (b), (c), (d), (e), (f), (g) and (h) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. An amended brief was received on November 5, 2012, and a second amended brief was received on November 28, 2012. The first and second amended briefs do not comply with the Texas Rules of Appellate Procedure and appellant was directed to file a brief in compliance with the Texas Rules of Appellate Procedure.

On December 17, 2012, the Court received a third amended brief. The brief fails generally to comply with Rules 9.5(e) and 38.1 (h) and (k) of the Texas Rules of Appellate Procedure. *See id.* 9.5 (e), 38.1. A certificate of service is required. *See id.* 9.5 (e). The third amended brief does not contain the summary of the argument as required by Rule 38.1(h); and does not contain an appendix as required by Rule 38.1(k). *See id.*

On December 19, 2013, appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See Id.* 38.9(a), 42.3(b),(c).

Appellant did not respond and the appeal was abated by this Court on January 15, 2013, due to the bankruptcy of one of the parties to this appeal. *See* 11 U.S.C. §362; *see generally* TEX. R. APP. P. 8. On July 10, 2013, the appeal was reinstated and appellant was again notified that the brief fails generally to comply with Rules 9.5(e) and 38.1 (h) and (k) of the Texas Rules of Appellate Procedure. *See id.* 9.5 (e), 38.1. A

2

certificate of service is required. *See id.* 9.5 (e). The third amended brief does not contain the summary of the argument as required by Rule 38.1(h); and does not contain an appendix as required by Rule 38.1(k). *See id.*

Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See Id.* 38.9(a), 42.3(b),(c). On July 15, 2013, appellant filed a letter with the Court. The letter cannot be considered as an appellate brief because it fails to comply with Texas Rule of Appellate Procedure 38.1 concerning the substantive requirements for an appellant's brief. Specifically, the letter fails to include any indicia of an appellate brief as described by the rules.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If the appellant does not file another brief that complies with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c). Any pending motions are dismissed as moot.

PER CURIAM

Delivered and filed the
8th day of August, 2013.

4